IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**EDNECDIA SUTINA JOHNSON,**

       **Petitioner,**

v.                                                                                    Case No. 1:19-cv-00835

**WARDEN REHERMAN,**
Alderson FPC,

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Response to Order, in which he argues that the petition should be dismissed, as it is duplicative of an earlier action filed by Petitioner, which is pending in this Court and has Case No.: 1:19-cv-00518. (ECF No. 9). Petitioner has filed a reply to the Response, in which she agrees that the instant case should be dismissed. (ECF No. 11). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the parties' requests for dismissal, (ECF Nos. 9, 11); **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus filed herein, (ECF No. 1), without prejudice, as it is duplicative; and remove this case from the docket of the Court.

1

I. **Relevant Procedural History**

On November 22, 2019, Petitioner filed the instant petition asserting that the Federal Bureau of Prisons ("BOP") is managing the FPC Inmate Financial Responsibility Program in violation of national policy. (ECF No. 1). Petitioner asks that the BOP be compelled to follow the program as outlined by Congress and the BOP national policy statement. On January 2, 2020, the undersigned ordered the Respondent to answer or otherwise respond to the petition within sixty days. (ECF No. 8).

On January 10, 2020, Respondent filed a response, asking the Court to dismiss the petition on the grounds that the petition is duplicative of another habeas proceeding pending in this Court, styled *Johnson v. Reherman,* Case No. 1:19-cv-518. (ECF No. 9). On January 13, 2020, Petitioner was ordered to file a reply to Respondent's request for dismissal within sixty days. (ECF No. 10). On March 4, 2020, Petitioner responded to the request for dismissal and conceded that the matters raised in this petition could be addressed in her pending habeas action. (ECF No. 11). Accordingly, Petitioner agreed that the instant matter should be dismissed as duplicative.

II. **Discussion**

Fed. R. Civ. P. 41 (a)(2) allows the Court to dismiss an action upon the plaintiff's request pursuant to terms that the Court deems proper. Although Petitioner does not explicitly make a motion to dismiss pursuant to Rule 41, she acknowledges that the issues raised in the instant matter are duplicative of those raised in another habeas petition pending in this Court. Furthermore, she concedes that this matter should be dismissed in the interest of judicial economy and efficiency. Consequently, the undersigned construes Petitioner's reply as a request for voluntary dismissal. The undersigned agrees with Petitioner and **FINDS** that the goals of judicial economy and efficiency justify dismissal

in this case; particularly, given that Petitioner will be able to prosecute her concerns in Case No. 1:19-cv-518.

### III. Proposal and Recommendation

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the parties requests for dismissal, (ECF Nos. 9, 11); **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2); and remove this case from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party,

Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** March 5, 2020

Cheryl A. Eifert
United States Magistrate Judge